

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JAN 20 2006

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. NO. 2:06CR018-W |
| | ) | [18 USC 1623(c)] |
| v. | ) | |
| | ) | |
| SHERRY DIANE PETTIS | ) | **INDICTMENT** |

### COUNT 1

The Grand Jury charges that:

1. On or about the 10th day of June, 2005, within Montgomery County, in the Middle District of Alabama, the defendant,

SHERRY DIANE PETTIS,

while under oath as a witness in a case then being tried before the United States District Court for said District entitled <u>United States of America v. Leon Carmichael and Freddie Williams</u>, No. 2:03-cr-259-T, knowingly made a material declaration which was inconsistent with a prior material declaration made by SHERRY DIANE PETTIS while testifying under oath in a proceeding before a duly empaneled and sworn grand jury for the United States District Court for the Middle District of Alabama, such material declarations being inconsistent to the degree that one of them is necessarily false.

2. It was material to each of the proceedings described in paragraph 1 to determine whether the currency that PETTIS obtained from Leon Carmichael and deposited in a bank account at Compass Bank in Montgomery, Alabama, was money that Leon Carmichael obtained through the sale of illegal drugs.

3. On or about the 21st day of January, 2004, the defendant, PETTIS, while

1

appearing as a witness under oath before the federal grand jury in the Middle District of Alabama, knowingly testified with respect to a material matter as follows:

> Q. All right. Did you ever think that this might be drug money?
>
> A. Yes, ma'am.
>
> Q. Why did you think that?
>
> A. Due to the denomination of the money. I knew something about drugs and because I knew where that money had come from.

4. On or about the 10th day of June, 2005, the defendant, PETTIS, while under oath as a witness in the trial of the <u>United States of America v. Leon Carmichael and Freddie Williams</u>, No. 2:03-cr-259-T, knowingly testified with respect to a material matter as follows:

> Q. And that was the very next question that Ms. Morris had asked you about you thinking this money was drug money, isn't that so?
>
> A. Yes, sir.
>
> Q. And you said, your answer was, "Due to the denominations of the money."
>
> A. Yes, sir.
>
> Q. You knew that something about drugs and because you knew where the money had come from. That was your answer at that time, wasn't it?
>
> A. Sir, if I said that, I lied.
>
> Q. My question is, did you say that at that time?
>
> A. It says I said that, but if I said that, I lied.

Later, during that same testimony, defendant, PETTIS testified as follows:

> Q. Now this money that went into this Compass Bank account, did you think

2

that money was drug money?

A. No, sir.

5. The underscored material declarations of the defendant, PETTIS, quoted in paragraph 3 and 4 herein were irreconcilably contradictory and were material to the point in question in each of the proceedings before which such declarations were made.

All in violation of Title 18 United States Code, Section 1623(c).

A TRUE BILL:

*/s/ Jayne D Gilbert*
Foreperson

*/s/ Leura G Canary*
LEURA GARRETT CANARY
United States Attorney

*/s/ Clark Morris*
A. CLARK MORRIS
Assistant United States Attorney

3