IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 2:06-cr-018-W |
| v. | ) | |
| | ) | |
| SHERRY DIANE PETTIS | ) | |

**UNITED STATES' PROPOSED JURY INSTRUCTIONS**

COMES NOW the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and respectfully requests that the following Jury Instructions be given to the jury in the above-styled case.

Respectfully submitted this the 6th day of October, 2006.

                                                      LEURA G. CANARY
                                                     UNITED STATES ATTORNEY

                                                     s/ A. Clark Morris
                                                   A. CLARK MORRIS
                                                   Assistant United States Attorney
                                                   One Court Square, Suite 201
                                                   Montgomery, Alabama 36104
                                                   Telephone: (334) 223-7280
                                                   Fax: (334) 223-7135
                                                   E-mail: clark.morris@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 2:06-cr-018-W |
| v. | ) | |
| | ) | |
| SHERRY DIANE PETTIS | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Donnie Wayne Bethel.

    LEURA G. CANARY
    UNITED STATES ATTORNEY

    s/ A. Clark Morris
    A. CLARK MORRIS
    Assistant United States Attorney
    One Court Square, Suite 201
    Montgomery, Alabama 36104
    Telephone: (334) 223-7280
    Fax: (334) 223-7135
    E-mail: clark.morris@usdoj.gov

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.  1

**See Eleventh Circuit Pattern Jury Instructions, Basic Instruction 2.1 (2003)**

**Duty To Follow Instructions
Presumption Of Innocence**

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendants or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole.  You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all. The Government has the burden of proving  Defendants guilty beyond a reasonable doubt, and if it fails to do so you must find the Defendants not guilty.

**ANNOTATIONS AND COMMENTS**

In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970) (The due process clause protects all criminal defendants "against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."); see also Harvell v. Naple, 58 F.3d 1541,1542(11th Cir. 1995), reh'g denied, 70 F.3d 1287 (11th Cir. 1995).

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.  2 

<u>See</u> <u>Eleventh Circuit Pattern Jury Instructions, Basic Instruction 2.2 (2003)</u>

<u>**Duty To Follow Instructions**</u>
<u>**Presumption Of Innocence**</u>
<u>**(When Any Defendant Does Not Testify)**</u>

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendants or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all; and if a Defendant elects not to testify, you cannot consider that in any way during your deliberations. The Government has the burden of proving Defendants guilty beyond a reasonable doubt, and if it fails to do so you must find Defendants not guilty.

**<u>ANNOTATIONS AND COMMENTS</u>**

<u>United States v. Teague</u>, 953 F.2d 1525, 1539 (11th Cir. 1992), <u>cert</u>. <u>denied</u>, 506 U.S. 842,113 S.Ct. 127, 121 L.Ed.2d 82 (1992), Defendant who does not testify is entitled to instruction that no inference may be drawn from that election; <u>see also</u> <u>United States v. Veltman</u>, 6 F.3d 1483,1493 (11th Cir. 1993)(Court was "troubled" by "absence of instruction on the presumption of innocence at the beginning of the trial . . . .  Although the Court charged the jury on the presumption before they retired to deliberate, we believe it extraordinary for a trial to progress to that stage with nary a mention of this jurisprudential bedrod.")

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.  3 

<u>See</u> **Eleventh Circuit Pattern Jury Instructions, Basic Instruction 3 (2003)**

**Definition Of Reasonable Doubt**

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that a Defendant's guilt be proved beyond all possible doubt.  It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.  If you are convinced that the Defendants have been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

**ANNOTATIONS AND COMMENTS**

<u>United States v. Daniels</u>, 986 F.2d 451 (11th Cir. 1993), opinion readopted on rehearing, 5 F.3d 495 (11th Cir. 1993), <u>cert</u>. <u>denied</u>, 114 S.Ct. 1615, 128 L.Ed.2d 342 (1994), approves this definition and instruction concerning reasonable doubt; <u>see also</u> <u>United States v. Morris</u>, 647 F.2d 568 (5th Cir. 1981 ); <u>Victor v. Nebraska</u>, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994) (discussing "reasonable doubt" definition and instruction).

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.  4

<u>See</u> Eleventh Circuit Pattern Jury Instructions, Basic Instruction 4.2 (2003)

**Consideration Of The Evidence, Direct
And Circumstantial - - Argument Of Counsel
Comments By The Court**

As I said earlier, you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you. Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

**ANNOTATIONS AND COMMENTS**

<u>United States v. Clark</u>, 506 F.2d 416 (5th Cir. 1975) <u>cert</u>. <u>denied</u>, 421 U.S. 967, 95 S.Ct. 1957, 44 L.Ed.2d 454 (1975) approves the substance of this instruction concerning the lack of distinction between direct and circumstantial evidence; see also <u>United States v. Barnette</u>, 800 F.2d 1558, 1566 (11th Cir. 1986), <u>reh'g denied</u>, 807 F.2d

999 (11th Cir. 1986), cert. denied, 480 U.S. 935, 107 S.Ct. 1578, 94 L.Ed.2d 769 (1987) (noting that the "test for evaluating circumstantial evidence is the same as in evaluating direct evidence") (citing United States v. Henderson, 693 F.2d 1028, 1030 (11th Cir. 1983)).

United States v. Hope, 714 F.2d 1084, 1087 (11th Cir. 1983) ("A trial judge may comment upon the evidence as long as he instructs the jury that it is the sole judge of the facts and that it is not bound by his comments and as long as the comments are not so highly prejudicial that an instruction to that effect cannot cure the error.") (citing United States v. Buchanan, 585 F.2d 100, 102 (5th Cir. 1978)). See also United States v. Jenkins, 901 F.2d 1075 (11th Cir. 1990).

United States v. Granville, 716 F.2d 819, 822 (11th Cir. 1983) notes that the jury was correctly instructed that the arguments of counsel should not be considered as evidence (citing United States v. Phillips, 664 F.2d 971, 1031 (5th Cir. 1981)); see also United States v. Siegel, 587 F.2d 721, 727 (5th Cir. 1979).

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.  5

<u>See</u> **Eleventh Circuit Pattern Jury Instructions, Basic Instruction 5 (2003)**

**Credibility Of Witnesses**

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions:  Did the witness impress you as one who was telling the truth?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness seem to have a good memory?  Did the witness have the opportunity and ability to observe accurately the things he or she testified about?  Did the witness appear to understand the questions clearly and answer them directly?  Did the witness's testimony differ from other testimony or other evidence?

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.  6 

**<u>See</u> Eleventh Circuit Pattern Jury Instructions, Basic Instruction 6.5**

**<u>Impeachment</u>**
**<u>Inconsistent Statement and Felony Conviction</u>**
**<u>(Defendant Testifies With No Felony Conviction)</u>**

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial.

The fact that a witness has been convicted of a felony offense, or a crime involving dishonesty or false statement, is another factor you may consider in deciding whether you believe his testimony.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and that may depend on whether it has to do with an important fact or with only an unimportant detail.

As stated before, a Defendant has a right not to testify.  If a Defendant does testify, however, you should decide in the same way as that of any other witness whether you believe his testimony.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 7

<u>See</u> <u>Eleventh Circuit Pattern Jury Instructions, Basic Instruction 6.6 (2003)</u>

**<u>Impeachment</u>**
**<u>Inconsistent Statement And Felony Conviction</u>**
**<u>(Defendant Testifies With Felony Conviction)</u>**

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial.

The fact that a witness has been convicted of a felony offense, or a crime involving dishonesty or false statement, is another factor you may consider in deciding whether you believe that witness.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

A Defendant has a right not to testify. If a Defendant does testify, however, you should decide in the same way as that of any other witness whether you believe the Defendant's testimony. [Evidence of a Defendant's previous conviction of a crime is to be considered by you only in deciding whether you believe or disbelieve the Defendant

as a witness, and must never be considered as evidence of guilt of the crime(s) for which the Defendant is on trial.]

**ANNOTATIONS AND COMMENTS**

<u>United States v. Lippner</u>, 676 F.2d 456, 462 n.11 (11th Cir. 1982), it is plain error not to give a limiting instruction (such as the last sentence of this instruction) when a Defendant is impeached as a witness under Rule 609, FIRE., by cross examination concerning a prior conviction) (citing United States v. Diaz, 585 F.2d 116 (5th Cir. 1978)).

If, however, evidence of a Defendant's prior conviction is admitted for other purposes under Rule 404(b), FIRE., the last sentence of this instruction should not be given. See, instead, Trial Instruction 3 and Special Instruction 4.

Similarly, the last sentence of this instruction should not be given if evidence of a Defendant's prior conviction is admitted because the existence of such a conviction is an essential element of the crime charged. See, for example, Offense Instruction 30.6, 18 U.S.C. § 922(g), and the Annotations and Comments following that instruction.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.  8

**<u>See</u> Eleventh Circuit Pattern Jury Instructions, Basic Instruction 7 (2003)**

**Expert Witnesses**

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

**<u>ANNOTATIONS AND COMMENTS</u>**

<u>United States v. Johnson</u>, 575 F.2d 1347, 1361 (5th Cir. 1978), <u>cert</u>. <u>denied</u>, 440 U.S. 907, 99 S.Ct. 1214, 59 L.Ed.2d 454 (1979), approved the Committee's former version of this instruction.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.  9

**<u>See</u> Eleventh Circuit Pattern Jury Instructions, Basic Instruction 9.2 (2003)**

<u>On Or About - - Knowingly (Only)
(When Willfulness Or Specific Intent Is Not An Element)</u>

You will note that the indictment charges that the offense was committed "on or about" a certain date. The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term has been used in the indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

<u>ANNOTATIONS AND COMMENTS</u>

<u>United States v. Creamer</u>, 721 F.2d 342, 343 (11th Cir. 1983), "on or about" language upheld in case in which alibi defense was used by the Defendant; the court "rejected the contention that time becomes a material element of a criminal offense merely because the defense of alibi is advanced."  See also <u>United States v. Reed</u>, 887 F.2d 1398 (11th Cir. 1989), <u>reh'g</u> <u>denied</u>, 891 F.2d 907 (1989), <u>cert</u>. <u>denied</u>, 493 U.S. 1080, 110 S.Ct. 1136, 107 L.Ed.2d 1041 (1990).

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.  10 

<u>**See**</u> **Eleventh Circuit Pattern Jury Instructions, Basic Instruction 11 (2003)**

**<u>Duty To Deliberate</u>**

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous.  In other words, to return a verdict you must all agree.  Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

**<u>ANNOTATIONS AND COMMENTS</u>**

<u>United States v. Brokemond</u>, 959 F.2d 206, 209 (11th Cir. 1992) approved this instruction.  <u>See also</u> <u>United States v. Cook</u>, 586 F.2d 572 (5th Cir. 1978), <u>reh'g</u> <u>denied</u>, 589 F.2d 1114 (1979), <u>cert</u>. <u>denied</u>, 442 U. 5. 909, 99 S.Ct. 2821, 61 L.Ed.2d 274 (1979); <u>United States v. Dunbar</u>, 590 F.2d 1340 (5th Cir. 1979).

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.   11  

<u>See</u> **Eleventh Circuit Pattern Jury Instructions, Basic Instruction 12 (2003)**

**Verdict**

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court. A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at anytime, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

**ANNOTATIONS AND COMMENTS**

<u>United States v. Norton</u>, 867 F.2d 1354, 1365-66 (11th Cir. 1989), <u>cert</u>. <u>denied</u>, 491 U.S. 907, 109 S.Ct. 3192, 105 L.Ed.2d 701 (1989) and 493 U.S. 871, 110 S.Ct. 200, 107 L.Ed.2d 154 (1989) notes that the Court should not inquire about, or disclose, numerical division of the jury during deliberations but states that "[r]eversal may not be necessary even where the trial judge undertakes the inquiry and thereafter follows it with an <u>Allen</u> charge, absent a showing that either incident or a combination of the two was inherently coercive."  Also, <u>United States v. Brokemond</u>, 959 F.2d 206, 209(11th Cir. 1992) approved this instruction.  <u>See also</u> <u>United States v. Cook</u>, 586 F.2d 572 (5th Cir. 1978), <u>reh'g</u> <u>denied</u>, 589 F.2d 1114 (1979), <u>cert</u>. <u>denied</u>, 442 U.S. 909, 99 S.Ct. 2821, 61 L.Ed.2d 274 (1979).

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. <u>  12  </u>

**<u>See</u> Eleventh Circuit Pattern Jury Instructions, Special Instruction 5 (2003)**

**<u>Notetaking</u>**

In this case you have been permitted to take notes during the course of the trial, and most of you - - perhaps all of you - - have taken advantage of that opportunity and have made notes from time to time.

You will have your notes available to you during your deliberations, but you should make use of them only as an aid to your memory. In other words, you should not give your notes any precedence over your independent recollection of the evidence or the lack of evidence; and neither should you be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.  13 

70.5

**Money Laundering Conspiracy**
**18 U.S.C. § 1956(h)**

Title 18, United States Code, Section 1956(h), makes it a Federal crime or offense for anyone to conspire or agree with someone else to do something which, if actually carried out, would be a violation of Title 18, United States Code, Section 1956.

It is a violation of Title 18, United States Code, Section 1956 to knowingly engage in certain kinds of financial transactions commonly known as money laundering.

The elements of money laundering are:

<u>First</u>: That the Defendant knowingly conducted, or attempted to conduct, a "financial transaction" as hereafter defined;

<u>Second</u>: That the Defendant knew that the funds or property involved in the financial transaction represented the proceeds of some form of unlawful activity;

<u>Third</u>: That the funds or property involved in the financial transaction did in fact represent the proceeds of "specified unlawful activity" – in this case the proceeds of conspiracy to distribute and possess with intent to distribute marijuana, as alleged in Count 1 of the Indictment; and

<u>Fourth</u>: That the Defendant engaged in the financial transaction with the intent to conceal and disguise the nature, location, source, ownership and control of the proceeds of such specified unlawful activity.

Under the law, a "conspiracy" is an agreement or a kind of "partnership in criminal purposes" in which each member becomes the agent or partner of every other member.
In order to establish a conspiracy offense it is not necessary for the Government to prove that all of the people named in the indictment were members of the scheme; or that those who were members had entered into any formal type of agreement. Also, because the essence of a conspiracy offense is the making of the agreement itself, it is not necessary for the Government to prove that the conspirators actually succeeded in accomplishing their unlawful plan.

What the evidence in the case must show beyond a reasonable doubt is:

<u>First</u>: That two or more persons, in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan to violate 18 U.S.C. Section 1956, as charged in the indictment; and

<u>Second</u>: That the Defendant, knowing the unlawful purpose of the plan, willfully joined in it;

A person may become a member of a conspiracy without full knowledge of all of the details of the unlawful scheme or the names and identities of all of the other alleged conspirators. So, if a Defendant has a general understanding of the unlawful purpose of the plan and knowingly joins in that plan on one occasion, that is sufficient to convict that Defendant for conspiracy even though the Defendant did not participate before, and even though the Defendant played only a minor part.

Of course, mere presence at the scene of a transaction or event, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not, standing alone, establish proof of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of one, does not thereby become a conspirator.

**<u>ANNOTATIONS AND COMMENTS</u>**

18 U.S.C. § 1956(h) provides:

> (h) Any person who conspires to commit any offense defined in this section or section 1957 shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy.

Maximum penalty: As stated above.

In <u>United States v. Tam</u>, 240 F.3d 797, 802 (9th Cir. 2001), the Ninth Circuit held that "the money laundering Conspiracy statute does not require the indictment to allege an

overt act" (citing <u>United States v. Shabani</u>, 513 U.S. 10, 15, 115 S. Ct. 382, 130 L.Ed. 225 (1994)).

In <u>United States v. Cancelliere</u>, 69 F.3d 1116, 1120 (11th Cir. 1995), the Eleventh Circuit held that proof of willfulness is not an element of the substantive offense of money laundering.