IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **2:06-cr-018-WKW** |
| v. | ) | |
| | ) | |
| **SHERRY DIANE PETTIS** | ) | |

### MOTION IN LIMINE TO PRECLUDE THE DURESS DEFENSE

COMES NOW the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and moves the Court to preclude any reference to the defense of duress or coercion based on the following:

1. The defendant is charged in the instant case with a violation of 18 U.S.C. § 1623(c), because the Defendant's sworn testimony during the trial of *United States v. Leon Carmichael et al*, contradicted previous sworn testimony given on January 21, 2004 in front of a federal Grand Jury sitting in the Middle District of Alabama.

2. Leon Carmichael was charged, tried and convicted of a drug conspiracy as well as a money laundering conspiracy. His trial occurred in June of 2006.

3. During the investigation of Carmichael, the Defendant was subpoenaed to appear and did appear as a witness in front of a federal Grand Jury sitting in the Middle District of Alabama. During her testimony in front of the grand jury, the following colloquy took place:

Q. All right. Did you ever think that this might be drug money?

A. Yes, ma'am.

Q. Why did you think that?

    A.    Due to the denomination of the money. I knew something about drugs and because I knew where that money had come from.

4.    On June 10, 2005, the defendant was subpoenaed to appear and did appear as a witness in the trial of *United States v. Leon Carmichael et al.* During said trial, the following colloquy occurred:

    Q.    And that was the very next question that Ms. Morris had asked you about you thinking this money was drug money, isn't that so?

    A.    Yes, sir.

    Q.    And you said, your answer was, "Due to the denominations of the money."

    A.    Yes, sir.

    Q.    You knew that something about drugs and because you knew where the money had come from. That was your answer at that time, wasn't it?

    A.    Sir, if I said that, I lied.

    Q.    My question is, did you say that at that time?

    A.    It says I said that, but if I said that, I lied.

5.    Additionally, during the Carmichael trial the Defendant insinuated that the undersigned Government counsel coerced her into making certain statements to the Grand Jury on January 21, 2004. See Transcript of Carmichael trial, Vol. V, p. 177, lns. 2-25; p. 178, lns. 1 and 16-25; and p. 179, ln. 1.[1]

6.    Based on the representations of Defendant during the Carmichael trial,

---

[1] The computer server at the United States Attorney's Office is presently out of service, but will be back in service on Tuesday, October 10, 2006. At that time, the undersigned will scan the pertinent parts of the Carmichael transcript and submit the pages for the Court's review.

the government is concerned that the Defendant may attempt some version of a duress defense in the instant case. However, there is no allegation that anyone from the government threatened the Defendant in any way. Because the Defendant has never feared that she would suffer immediate death or serious bodily injury, she cannot offer a defense of duress. *See, United States v. Nickels*, 502 F.2d 1173, 1177 (7th Cir. 1974), *cert denied*, 426 U.S. 2237 (1976)(duress defense was properly excluded where the defendant could not show that he reasonably feared immediate death or serious bodily injury that could only be avoided by committing the act charged);*United States v. Lee*, 694 F. 2d 649 (11th Cir. 1983)(to establish duress, the defendant must show he acted under an immediate threat of death or serious bodily injury, that he had a well-grounded fear that the threat would be carried out, and that he had no reasonable opportunity to escape or call the police);*United States v. Baily*, 444 U.S. 394 (1980)(defendant is not entitled to offer evidence of a defense of duress unless he can establish all of the elements).

      7.    At no time has the Defendant alleged a threat of bodily injury. On the contrary, the Government supplied the Defendant with money in an effort to protect her from bodily harm that could occur from Defendant Carmichael. Because the Defendant cannot establish the required elements to prove any sort of duress, such evidence as well as any allegation of coercion should be excluded from the trial.

      Respectfully submitted this 6th day of October, 2006.

LEURA G. CANARY
UNITED STATES ATTORNEY

s/ A. Clark Morris

A. CLARK MORRIS
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104
Telephone: (334) 223-7280
Fax: (334) 223-7135
E-mail: clark.morris@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Cr. No. 2:06-cr-018-WKW-SRW |
| v. | ) | |
| | ) | |
| SHERRY DIANE PETTIS | ) | |

### CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Donnie Bethel, Esquire.

LEURA G. CANARY
UNITED STATES ATTORNEY

s/ A. Clark Morris
A. CLARK MORRIS
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104
Telephone: (334) 223-7280
Fax: (334) 223-7135
E-mail: clark.morris@usdoj.gov