IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | CASE NO: 2:06-cr-018-WKW |
| | ) | |
| SHERRY DIANE PETTIS | ) | |

### RESPONSE TO GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE THE DURESS DEFENSE

**NOW COMES** the Defendant, **SHERRY DIANE PETTIS**, through undersigned counsel, Donnie W. Bethel, and responds to the Government's Motion in Limine to Preclude the Duress Defense.

1. Ms. Pettis has the constitutional right to present to the jury any evidence that would support any defense to the charge contained in the indictment, including the defense of duress. A criminal defendant has the right to have the jury instructed on her theory of defense, separate and apart from instructions given on the elements of the charged offense. *United States v. Opdahl,* 930 F.2d 1530 (11th Cir.1991); *United States v. Lively,* 803 F.2d 1124 (11th Cir.1986). A trial court may not refuse to charge the jury on a specific defense theory where the proposed instruction presents a valid defense and where there has been some evidence adduced at trial relevant to that defense. *United States v. Middleton,* 690 F.2d 820, 826 (11th Cir.1982), *cert. denied,* 460 U.S. 1051 (1983).

2. The Government's motion is premature. The Government cites three cases in its motion, none of which stand for the proposition that a criminal defendant can be

prevented from offering evidence that supports a duress defense. Quite to the contrary, in at two of the three cited cases the defendants did present evidence at their trials by which they attempted to establish the defense of duress, while that issue wasn't even addressed in the third case.

3.   The Government first cites *United States v. Nickels*, 502 F.2d 1173, 1177 (7th Cir. 1974), *cert denied*, 426 U.S. 2237 (1976). The Government correctly asserts that this case stands for the proposition that the Defendant's duress defense was properly excluded by the trial court. In that case, however, "Defendant offered five exhibits at the opening of his case-in-chief to show that his perjury before the grand jury had been committed under duress. These exhibits consisted of legal matters. . . . [T]his Circuit follows the common law rule that duress is a defense only if the defendant reasonably feared immediate death or serious bodily injury which could be avoided only by committing the criminal act charged. [Citations omitted] Since defendant offered no evidence to support such a finding, the exhibits were properly excluded." *Id*. at 1177. So, at trial the Defendant *was* afforded an opportunity to offer evidence that would establish a defense of duress. It was only *after* the Defendant failed, as a matter of law, to offer any evidence whatsoever that he feared immediate death or serious bodily injury that the District Court properly excluded the other legal documents that the Defendant offered in support of that defense.

4.   The Government next cites *United States v. Lee*, 694 F.2d 649 (11th Cir. 1983). At trial Defendant Lee didn't even offer a duress defense, but instead offered an

entrapment defense in his prosecution for drug trafficking. In dicta, the Court in that case explained that the Defendant's defense was actually grounded in duress, rather than entrapment, but that he attempted an entrapment defense because the duress defense was factually doomed to failure. *Id*. at 654. So, this case utterly fails to address the issue of whether a defendant can be denied even the opportunity to present evidence in an attempt to establish the defense of duress.

5. Finally, the Government cites *United States v. Bailey*, 444 U.S. 394 (1980). The Government claims that this case stands for the proposition that a "defendant is not entitled to offer evidence of a defense of duress unless he can establish all of the elements." The Government is simply wrong in this assertion. The Defendant was convicted at trial of escaping from prison. Even a cursory reading of this case makes it clear that the Defendant did, in fact, offer evidence at trial upon which he sought to have the jury instructed as to the defenses of duress and necessity. What was at issue on appeal was the District Court's refusal to instruct the jury on the those defenses. *Id*. at 398, 400. The Court held that, "[I]n order to be entitled to an instruction on duress or necessity as a defense to the crime charged, an escapee must first offer evidence justifying his continued absence from custody as well as his initial departure and that an indispensable element of such an offer is testimony of a bona fide effort to surrender or return to custody as soon as the claimed duress or necessity had lost its coercive force." *Id*. at 412. So, the Court did not hold, as the Government asserts, that a defendant could be precluded from offering evidence in an effort to establish a sufficient basis upon which he would be entitled to an

instruction on the defense of duress. Quite to the contrary, the Court held just the opposite: a defendant must offer sufficient evidence before he will be entitled to have the trial court instruct the jury on the defense of duress.

6. Quite simply, the issue that the Government raises in its Motion in Limine is not ripe for a decision; it will ripen only *after* Ms.Pettis has an opportunity to present evidence at trial, should she decide to offer any. The issue this Court must then decide at that time is whether, as a matter of law, she will be entitled to a jury instruction on a defense of duress, or whether she will have failed to introduce evidence sufficient to submit her defense of duress to the jury.

**WHEREFORE**, Ms. Pettis respectfully requests that the Government's Motion in Limine to Preclude the Duress Defense be denied.

Dated this 12th day of October, 2006.

Respectfully submitted,

s/ Donnie W. Bethel
DONNIE W. BETHEL
Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail:don_bethel@fd.org
IN Bar Code: 14773-49

**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| V. | ) | **CASE NO: 2:06-cr-018-WKW** |
| | ) | |
| **SHERRY DIANE PETTIS** | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on October 12, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

A. Clark Morris, Esquire
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104

Respectfully submitted,

s/ Donnie W. Bethel
DONNIE W. BETHEL
Assistant Federal Defender
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099

Fax: (334) 834-0353
E-mail:don_bethel@fd.org
IN Bar Code: 14773-49