IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 2:06-cr-018-W |
| v. | ) | |
| | ) | |
| SHERRY DIANE PETTIS | ) | |

**PLEA AGREEMENT**

DEFENSE COUNSEL:          Donnie Wayne Bethel

ASSISTANT U.S. ATTORNEY:  A. Clark Morris

**COUNT AND STATUTE CHARGED:**

Count 1:    18 U.S.C. § 1623(c)

Whoever under oath...in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration...shall be fined under this title or imprisoned not more than five years or both.

**PENALTIES BY COUNT - MAXIMUM PENALTY:**

   Count 1    18 U.S.C. § 1623(c)

   A term of imprisonment which may not be more than 5 years, and a fine not more than $250,000, or both fine and imprisonment; a term of supervised release of no more than 3 years; and an assessment fee of $100.00.

**ELEMENTS OF THE OFFENSE(S):**

   18 U.S.C. § 1623(c):

   1.   The Defendant under oath knowingly made two or more material declarations; and

   2.   The declarations were inconsistent to the degree that one of them was necessarily false

*******************************************************************************

A. Clark Morris, Assistant United States Attorney, and Donnie Wayne Bethel, attorney for the defendant, pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, as Amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment herein and a Plea Agreement has been reached by said parties.

## GOVERNMENT'S PROVISIONS

1. Upon entering a plea of guilty by the defendant to the Indictment, the attorney for the Government will do the following agree that a fair and just sentence in this case is a sentence between 24 months and 30 months. Therefore, the government recommends that the Defendant be sentenced to a term of imprisonment between 24 and 30 months.

2. The United States reserves the right to inform the Court and the Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

## DEFENDANT'S PROVISIONS

3. The defendant agrees to the following:

a. To plead guilty to the Indictment.

b. Not to commit any other federal, state, or local criminal offense while awaiting sentencing.

c. To be sentenced to a term of imprisonment between 24 months and 30 months.

## **FACTUAL BASIS**

4. The defendant admits the allegations charged in Indictment. The indictment charges that:

    1. On or about the 10th day of June, 2005, within Montgomery County, in the Middle District of Alabama, the defendant, SHERRY DIANE PETTIS, while under oath as a witness in a case then being tried before the United States District Court for said District entitled <u>United States of America v. Leon Carmichael and Freddie Williams</u>, No. 2:03-cr-259-T, knowingly made a material declaration which was inconsistent with a prior material declaration made by SHERRY DIANE PETTIS while testifying under oath in a proceeding before a duly empaneled and sworn grand jury for the United States District Court for the Middle District of Alabama, such material declarations being inconsistent to the degree that one of them is necessarily false.

    2. It was material to each of the proceedings described in paragraph 1 to determine whether the currency that PETTIS obtained from Leon Carmichael and deposited in a bank account at Compass Bank in Montgomery, Alabama, was money that Leon Carmichael obtained through the sale of illegal drugs.

    3. On or about the 21st day of January, 2004, the defendant, PETTIS, while appearing as a witness under oath before the federal grand jury in the Middle District of Alabama, knowingly testified with respect to a material matter as follows:

> Q. All right. Did you ever think that this might be drug money?
>
> A. Yes, ma'am.
>
> Q. Why did you think that?
>
> A. Due to the denomination of the money. I knew something about drugs and because I knew where that money had come from.

4. On or about the 10th day of June, 2005, the defendant, PETTIS, while under oath as a witness in the trial of the <u>United States of America v. Leon Carmichael and Freddie Williams</u>, No. 2:03-cr-259-T, knowingly testified with respect to a material matter as follows:

> Q. And that was the very next question that Ms. Morris had asked you about you thinking this money was drug money, isn't that so?
>
> A. Yes, sir.
>
> Q. And you said, your answer was, "Due to the denominations of the money."
>
> A. Yes, sir.
>
> Q. You knew that something about drugs and because you knew where the money had come from. That was your answer at that time, wasn't it?
>
> A. Sir, if I said that, I lied.
>
> Q. My question is, did you say that at that time?

4

    A. It says I said that, but if I said that, I lied.

Later, during that same testimony, defendant, PETTIS testified as follows:

    Q. Now this money that went into this Compass Bank account, did you think that money was drug money?

    A. No, sir.

  5. The underscored material declarations of the defendant, PETTIS, quoted in paragraph 3 and 4 herein were irreconcilably contradictory and were material to the point in question in each of the proceedings before which such declarations were made.

  All in violation of Title 18 United States Code, Section 1623(c).

### DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

  5. Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence. Defendant further expressly waives the right to appeal the conviction and sentence on any other ground and waives the right to attack the sentence in any post-conviction proceeding. This waiver does not include the right to appeal on the grounds of ineffective assistance of counsel and prosecutorial misconduct.

  In return for the above waiver by the defendant, the Government does not waive its right to appeal the sentence imposed in the instant case. The Government does not waive

its right to appeal any order dismissing the Indictment, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings. Further, the parties agree that nothing in this agreement shall affect the Government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals the defendant's sentence pursuant to 18 U.S.C. § 3742(b), the defendant is released from this waiver as to any issue the defendant may raise pursuant to 18 U.S.C. § 3742(a).

## DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

6. The defendant, before entering a plea of guilty to Count One, as provided for herein by said Plea Agreement, advises the Court that:

a. The discussions between the attorney for the Government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

b. The defendant further understands that, pursuant to 18 U.S.C. § 3013, said $100.00 assessment fee is to be paid by the defendant on the date of sentencing and that, if a fine is imposed by the Court at sentencing, the defendant shall meet with a member of the Financial Litigation Section of the United States Attorney's Office on the day of sentencing and complete a written personal financial statement setting forth the defendant's assets and liabilities as of the date of the offense. The defendant will make an honest, good faith effort to pay said fine as directed by the Financial Litigation Section of the United States Attorney's Office. The defendant further understands that by completing the financial statement, the defendant is representing that it is true and accurate to the best of the defendant's information, knowledge, and belief.

c. The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

d. The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

e. The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

f. The Defendant further understands and advises the Court that the Plea Agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the Government and the attorney for the defendant, all conducted with the defendant's authorization, knowledge, and consent.

g. The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

h. The defendant further understands that the Government can only make a recommendation, which is not binding upon the Court. However, if the plea agreement is not accepted by the Court, or is withdrawn by the Government, the defendant may withdraw his guilty plea, if the defendant so chooses.

i. The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crime charged in the Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Indictment herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the defendant under oath, on the court record, and in the presence of counsel.

j. The defendant further understands that if the defendant has failed or should fail in any way to fulfill the defendant's obligations under this agreement, including, but not limited to, committing any new state or federal criminal offense while awaiting sentencing, or providing false information to the Government's investigators or attorneys prior to or during the defendant's testimony before grand juries or in trials, or failing to appear for any scheduled court appearance or any scheduled meeting with law enforcement agents, then the Government will be released from its commitment to honor all of its obligations to the defendant without the defendant being able to withdraw his guilty plea. The determination

of whether the defendant has breached this plea agreement by failing to fulfill the defendant's obligations herein, will be at the sole discretion of the Government.

    k.  The defendant is satisfied that defense counsel has been competent and effective in representing defendant.

    8.  The undersigned attorneys for the Government and for the defendant represent to the court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, as Amended. The attorney for the defendant further advises the Court that the defendant has been advised of the nature of the charge to which the foregoing described plea is to be offered, and that the defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the defendant and the right not to be compelled to incriminate the defendant; and that if the defendant pleads guilty, there will not be a further trial of any kind. Further, the defendant has been advised that if the defendant pleads guilty, the Court may ask questions about the offense to which the defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

    9.  The defendant understands that the U.S. Probation Office will prepare a presentence investigation report for the Court. The Probation Officer will consider the

defendant's conduct related to the offense to which the plea is offered, as well as the defendant's criminal history. The offense level or criminal history category, as calculated by the Probation Officer and determined by the court, may differ from that projected by defendant's counsel or the U.S. Attorney.

This _19th_ day of October, 2006.

                                      Respectfully submitted,

                                      LEURA GARRETT CANARY
                                      UNITED STATES ATTORNEY

                                      /s/ A. Clark Morris
                                      A. Clark Morris
                                      Assistant United States Attorney
                                      Post Office Box 197
                                      Montgomery, Alabama 36101
                                      (334)223-7280

                                      /s/ Louis V. Franklin, Sr.
                                      Louis V. Franklin, Sr.
                                      Chief, Criminal Division

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL.

_Sherry D. Pettis_
Sherry Diane Pettis
Defendant

_OCT 19, 2006_
Date

_[signature]_
Donnie Wayne Bethel
Attorney for the Defendant

_19 October 2006_
Date

_[signature]_
Attorney for Ms. Pettis